The opinion of the Court was delivered by
Harper, J.
The question argued in this case is, whether an attorney at law entrusted to prosecute a suit, can bind his client by submission to arbitration, otherwise than by rule of *469 court ? The general rule is clear, that no person can bind another without authority; and if he have authority for one purpose, he cannot bind him for another, beyond the scope of his authority. The authority of an attorney at law does not authorise him to compromise the claim of his client, as is laid down in Holker vs. Parker, 7 Cranch, 436, quoted by the appellant’s counsel in this case. The authority to prosecute a suit at law seems to have 'no relation to the submitting of the suit to arbitration. The argument mainly relied on was this : the authority to submit by rule of Court is clear; (the various cases to this effect were referred to, in some of which it seems the submission of the attorney has been held to bind the client even against his consent;) in either case, the submission rests merely on the agreement; and no reason can be conceived why the agreement should bind after the cause is brought into Court, rather than before the suit is instituted. I should hold it a sufficient answer to this reasoning to say, that the general principle is against, this power of the attorney. The authority to submit by rule of Court is an exception to general principles,-and I am not disposed to carry the exception farther than adjudged cases will warrant. That many-cases establish the attorney’s authority to submit by rule of Court affords room for inference, that he cannot submit in any other way. I can conceive sufficient reason for this distinction. There is less room for misconduct and collusion by the attorney, when the submission is in open Court,' and the proceeding is subject to the control of the Court, than when it is by the mere private act of the attorney. Kyd, in his treatise on awards, says, referring to 1 Salk. 70, and 1 Ld. Raym. 246 : “If an attorney, without the express authority of his principal, enter into a bond to a third person, under a condition to be void on performance of the award by the principal, otherwise to be in full force, this shall bind the attorney, and not the principal. Yet it is the common understanding, that the assent of an attorney in a cause, to a reference by a rule at nisi prius, will *470 bind the-principal ; ■ and the reason of'the 'difference seems to be this, — that in tbe first-case, tbe general character of attorney does not imply a commission from' tbe principal to do any thing so much out of the ordinary course of a general attorney, as to refer a matter to arbitration; but the employment as an attorney in a particular suit,'implies his client’s assent -that he may do everything which the Court may approve in the progress of the cause.” Apart from the power to conduct the suit, and to do what the Court may approve in the conduct of it, it seems more foreign to the authority of an attorney at law, than a general attorney, to submit a cause ^arbitration.
• The motion is dismissed.
JohnsoN and O’Neall, JJ., concurred.

Motion dismissed.